FILED

NOV 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIMELLIA KRISTENSON SIEMSON; JOHANUS KRISTANTO, a.k.a. Johannes Alexander Siemson, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-73113 <br><br> Agency Nos. A079-611-942 <br> A079-611-975 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Aimellia Kristenson Siemson and Johanus Kristanto, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims based on ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Johanus Kristanto's asylum application.  *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).  Accordingly, his asylum claim fails.

Petitioners do not contend they suffered past persecution in Indonesia.  Substantial evidence supports the agency's finding that petitioners do not have a well-founded fear of future persecution, because, even as a members of a disfavored group, they failed to demonstrate the requisite individualized risk of persecution.  *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004); *see Wakkary*, 558 F.3d at 1066 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail").  Accordingly, Aimellia Siemson's asylum claim fails, and petitioners' withholding of removal claims fail.

Finally, we agree with the BIA's conclusion that petitioners failed to establish former counsel's performance resulted in prejudice, and thus their claim of ineffective assistance of counsel also fails. *See Mohammed*, 400 F.3d at 793-94 (to demonstrate prejudice, alien must establish that counsel's performance may have affected outcome of the proceedings).

**PETITION FOR REVIEW DENIED.**